## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MARCH 1997 SESSION

**FILED**

May 13, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 03C01-9602-CC-00064** |
| Appellee, | ) | |
| | ) | **WASHINGTON COUNTY** |
| VS. | ) | |
| | ) | **HON. ARDEN L. HILL,** |
| **CHRISTOPHER R. HICKS,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (DUI) |

FOR THE APPELLANT:          FOR THE APPELLEE:

**ROGER A. WOOLSEY**
118 S. Main St.
Greeneville, TN 37743

**JOHN KNOX WALKUP**
Attorney General & Reporter

**GEORGIA BLYTHE FELNER**
Counsel for the State
450 James Robertson Pkwy.
Nashville, TN 37243-0493

**DAVID CROCKETT**
District Attorney General

**KENT GARLAND**
Asst. District Attorney General
P.O. Box 38
Jonesborough, TN 37659

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

**O P I N I O N**

A jury convicted the defendant of DUI. In this direct appeal, he contends that the trial court erred in prohibiting defense counsel from impeaching a witness through the use of a publication. Upon our review of the record, we affirm the judgment below.

Officer Mark Tipton testified that he had been sitting in his squad car as it was parked in a lot near an intersection on the East Tennessee State University campus when he saw the defendant drive through a four-way intersection without stopping at the stop sign. He and Officer John Smith, who had been sitting in his squad car near Officer Tipton's, pursued the defendant in their cars with their blue lights on. When the defendant stopped, Officer Tipton approached the car. He testified that he had walked up to the driver's side of the car, the defendant had rolled his window down and, according to Officer Tipton, there was "a strong smell of alcohol coming from the car." He testified, "I then asked the driver if he had been drinking, and he stated that, yes, he'd been drinking, he'd drunk five beers."

Officer Tipton then administered several field sobriety tests including the "one leg stand" and the "walk and turn." Officer Tipton testified that the defendant had failed both of these field sobriety tests. Officer Tipton further testified that he had also administered the horizontal gaze nystagmus test, and that the defendant had also failed this field sobriety test. Officer Tipton then arrested the defendant. Officer Tipton also testified that he had been to "DUI school."

On cross-examination, defense counsel showed Officer Tipton a manual from the University of Tennessee, Memphis, Health Science Center Department of Clinical Laboratory of Science [sic] and asked him if it was the student manual from which he had been trained. Upon Officer Tipton's affirmative response, defense counsel

2

introduced the publication (or a portion thereof) as an exhibit. This exhibit, included in the record, contains information on the administration and interpretation of certain field sobriety tests, including the horizontal gaze nystagmus test, the "walk and turn" test, and the "one leg stand" test. When it became apparent that defense counsel was going to ask questions concerning the text contained in the writing, the State objected. The trial court sustained the State's objection and it is this ruling from which the defendant now appeals.

As correctly noted by the State, Officer Tipton was not tendered as an expert witness.[1] And, as correctly noted by the trial court, "the only time you can use a book like that to impeach a witness is if the witness is an expert witness and you can show [him] other expert books to impeach him to show that he might be wrong." See Tenn. R. Evid. 618. The trial court committed no error by refusing to allow defense counsel to impeach Officer Tipton by reading into the record from the training manual and cross-examining him about his memory thereof and/or his application of the information with which he had been trained. This issue is without merit.

The judgment below is affirmed.

_____
JOHN H. PEAY, Judge

---

[1]This Court has previously noted that "field sobriety tests are not 'scientific tests', and the admissibility of the results is not to be governed by rules pertaining to the admission of scientific evidence." State v. Gilbert, 751 S.W.2d 454, 459 (Tenn. Crim. App. 1988). Since expert testimony is admissible only as to "scientific, technical, or other specialized knowledge," Tenn. R. Evid. 702, a police officer does not need to be qualified as an expert witness in order to testify about his or her administration and interpretation of field sobriety tests.

CONCUR:

_____
PAUL G. SUMMERS, Judge


_____
CORNELIA A. CLARK, Special Judge